UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA HALL, a consumer residing in Multnomah County,<br><br>               Plaintiff,<br><br>     v.<br><br>COLUMBIA COLLECTION SERVICE, INC., a domestic business corporation, and DAVID SCHUMACHER, its debt collection attorney,<br><br>               Defendants. | Case No.: 3:14-CV-0006-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Joshua Hall ("Hall") filed this action against defendants Columbia Collection Service, Inc. ("Columbia"), and David Schumacher ("Schumacher"), alleging unlawful debt

collection practices. Hall and Columbia agreed on a settlement amount and Columbia tendered the amount to Hall before a judgment was entered. Currently before the court are simultaneous briefs filed by Hall and Columbia addressing the issue of the appropriate judgment to be entered, and Hall's separate motions for sanctions.

The court finds Columbia's tender of the amount agreed to by the parties did not result in the elimination of a case or controversy between the parties or make all matters between the parties moot and that Columbia's refusal to agree to the entry of a judgment before payment of the settlement amount was intentional and in bad faith. Accordingly, the proposed judgment attached to the declaration of Michael Fuller dated June 23, 2014, should be entered, and Hall's motion for sanctions should be granted.

*Background*

Hall filed this action on January 2, 2014, and both defendants filed their answers on February 26, 2014. Thereafter, Hall and Columbia exchanged settlement proposals, which included monetary and non-monetary forms of relief, such as proposed apologies. (Fuller Decl. dated June 23, 2014, ECF No. 26 ("Fuller June Decl.") ¶ 3.) On April 17, 2014, Columbia made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Offer") in which it agreed to "allow Judgment in favor of Plaintiff against CCS to be entered in the amount of Two Thousand Five Hundred and 00/100th Dollars ($2,500.00), plus costs, disbursements and reasonable attorney's fees as determined by the court." (Accepted Offer of Judgment, ECF No. 15.) Hall accepted the Offer, in large part because it provided for entry of judgment against Columbia, and filed both the Offer and his acceptance with the court on April 17, 2014. (Fuller June Decl. ¶ 3.) Thereafter, Hall refused Columbia's request that Hall execute a release containing a confidentiality provision. (Fuller

June Decl. ¶ 4; Ex. 10.)

In light of the presence of another defendant in this action, the court ordered the parties to participate in the Rule 16 conference previously scheduled for the following Monday, April 21, 2014, to "discuss either scheduling of case management deadlines pertaining to the remaining defendant or the filing of a judgment of dismissal as to defendant Columbia Collection Service or regarding the filing of an attorney fee petition and any other matters related to scheduling." (Minute Order dated April 17, 2014, ECF No. 16.) Prior to the Rule 16 conference, Hall contacted Columbia and requested the judgment and fee application not be filed until after the litigation with Schumacher was resolved. (Hasson Decl. ¶ 3.) At the Rule 16 conference, the court extended pretrial deadlines with regard to Schumacher, acknowledged Hall's acceptance of the Offer, and directed Hall to "confer with counsel for defendant Columbia Collection Services and inform the court as to their decision regarding the timing for the filing of a final judgment of dismissal as to this particular defendant." (Minute Order dated April 21, 2014, ECF No. 17.)

On May 30, 2014, Hall filed an unopposed motion to dismiss Schumacher under Rule 41(a)(2) of the Federal Rule of Civil Procedure. Hall represented he had settled his claims against Schumacher in exchange for a payment of $2,000 in compensatory damages and he intended to submit a judgment with regard to Columbia within fourteen days. (Fuller Decl. dated May 30, 2014, ECF No. 19.) Based on the filing of the motion under Rule 41(a)(2), the court entered a Stipulated Partial Judgment of David Schumacher later the same day.

On June 3, 2014, Hall and Columbia reached agreement on an amount for reasonable attorney fees and costs. (Fuller June Decl. ¶ 4, Hasson Decl. ¶ 10.) On the same day, Hall circulated a proposed judgment entitled "Judgment Against Columbia Collection," which identified Hall's

Page 3 - FINDINGS AND RECOMMENDATION                                    {SIB}

acceptance of the Offer and the agreement on reasonable costs and attorney fees, ordered Columbia to pay Hall $2,500 in compensatory damages and $8,355.45 in attorney fees and costs, and dismissed the action with prejudice as to Columbia. (Document identified as "proposed form of judgment in circulation" attached to email dated June 9, 2014, addressed to Columbia and this court's courtroom deputy. The relevant June 9, 2014, email string and proposed judgment are attached as Appendix A.) Columbia refused to allow the entry of the form of judgment proposed by Hall. (Fuller June Decl. ¶ 4.) At this time, Hall informed Columbia he may seek to recover from Columbia any expenses incurred in compelling Columbia's performance under the settlement agreement. (Fuller June Decl. ¶ 1.)

On June 9, 2014, at the request of the parties, the court set a telephone status conference for June 13, 2014, to discuss the proper form of judgment. At the status conference, Columbia represented it had tendered the settlement amount to Hall on June 11, 2014, and that a judgment ordering Columbia to pay Hall any amount was inappropriate. The court directed the parties "to file simultaneous briefs . . . addressing the issue as[] to whether a money judgment pursuant to Rule 68 may be entered when the money has already been tendered." (Minute Order dated June 13, 2014, ECF No. 22.) Based on the receipt of all amounts due under the Offer, Hall amended the proposed judgment by replacing the paragraph in which the court ordered Columbia to pay Hall such amounts, with the following language:

> IT IS ORDERED, ADJUDGED AND DECREED that Columbia Collection Service, Inc., has satisfied its obligation pursuant to the offer of judgment in full by tendering payment to Joshua Hall of $2,500 compensatory damages and $8,355.45 attorney fees and costs.

/ / / / /

(Fuller June Decl. Ex. 11.) The parties filed their briefs and Hall filed a motion for sanctions under the court's inherent authority seeking attorney fees and costs incurred by him in compelling Columbia to comply with the terms of the Offer.

*Legal Standard*

I. Rule 68

Rule 68 of the Federal Rules of Civil Procedure provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.[1]

FED. R. CIV. P. 68(a) (2014). If a party does not accept an offer of judgment and then obtains a judgment that is less favorable than the terms contained in the rejected offer of judgment, the party is responsible for costs incurred after the offer was made. FED. R. CIV. P. 68(d).

When a plaintiff accepts a Rule 68 offer of judgment, the "usual rules of contract construction" apply to the interpretation of the terms of the offer of judgment. *Guerrero v. Cummings*, 70 F.3d 111, 1113 (9th Cir. 1995). Those rules dictate that "ambiguities will be construed against the offeror as the drafting party and, where such ambiguities are found to exist, extrinsic evidence of the parties' actual intentions will be examined to clarify those ambiguities and arrive at the meaning of the offer's material terms." *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993).

/ / / / /

---

[1] For the purposes of the Federal Rules of Civil Procedure, "judgment" "includes a decree and any order from which an appeal lies." FED. R. CIV. P. 54 (2014).

II. Sanctions

A federal court may levy sanctions under its inherent power for willful disobedience of a court order; when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons; or against counsel who willfully abuse judicial processes. *Fink v. Gomez,* 239 F.3d 989, 991-92 (9th Cir. 2001)(citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). The inherent power "extends to a full range of litigation abuses," but the litigant must have "engaged in bad faith or willful disobedience of a court's order." *Id.* at 992 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991)); *accord Mendez v. County of San Bernadino*, 540 F.3d 1109, 1132 (9th Cir. 2008); *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

*Discussion*

I. Judgment under Rule 68

The Offer clearly indicates Columbia agrees to the filing of a judgment in favor of Hall in the amount of $2,500 plus reasonable attorney fees. At the time Hall filed his acceptance of the Offer, the clerk could have, and arguably should have, entered a judgment against Columbia. However, in light of the presence of another defendant and the already scheduled Rule 16 conference, the clerk did not immediately enter such judgment.

At the Rule 16 conference, the court directed the parties to confer regarding the timing of the final judgment against Columbia. In a declaration dated May 30, 2014, Hall's counsel represented to the court he intended to submit the final judgment against Columbia within fourteen days. Apparently, Columbia refused to agree to the form of judgment prepared by Hall necessitating the June 13, 2014, status conference with the court. On June 11, 2014, prior to the status conference, but after it objected to the filing of the judgment, Columbia tendered the amounts due to Hall. At

the status conference, and in its brief, Columbia argued the payment of the amounts due under the Offer eliminated any case or controversy between the parties and made all matters between the parties moot. Accordingly, Columbia argues only a judgment dismissing the case with prejudice is appropriate.

The cases relied on by Columbia in support of its argument that payment of the agreed upon amounts eliminates any case or controversy and moots any dispute between the parties are inapposite. In *California v. San Pablo & T. R. Co.*, 149 U.S. 308, 313-14 (1893), the Supreme Court found a cause of action ceased to exist when a defendant deposited the all sums sued for in the action. In an action for injunctive relief, the defendant's voluntary compliance with the plaintiff's prayer for an injunction prohibiting certain conduct eliminated any live controversy in the absence of "legitimate concern that the defendant will return to his old ways, and if interim relief or events have completely and irrevocably eradicated the effects of the alleged violations." *Pomerantz v. City of Los Angeles*, 674 F.2d 1288, 1291 (9th Cir. 1982). Similarly, the Ninth Circuit found an unaccepted tender of taxes paid in a specific tax year did not end the litigation where the taxpayer's nonprofit status remained an issue. *Church of Scientology of Hawaii v. United States*, 485 F.2d 313, 318 (9th Cir. 1973)("[T]he possibility of a continuing recurrence of the problem was sufficient to entitle the taxpayer to have the underlying legal issue determined.") These cases stand for the proposition that when a defendant provides all the remedies requested by a plaintiff in their complaint, and no unresolved issues remain, the plaintiff no longer has a personal stake in the action and the case must be dismissed as moot.

Here, Hall sought a declaration from the court that he paid Columbia in full, Columbia attempted to collect excess amounts from Hall, and Columbia's actions violated the Fair Debt

Collection Practices Act. He also sought compensatory damages in the amount of $500,000, statutory damages, and reasonable attorney fees and costs. Columbia has paid Hall the sum of $10,855.45, a sum far less than the amount sought by Hall. Additionally, Columbia has not agreed to the declaratory relief sought by Hall. Accordingly, Columbia's tender of the amounts Hall agreed to accept in settlement of his larger claims against Columbia is not the deposit of, or compliance with, all remedies sought by Hall in his complaint as would be required in *San Pablo*, *Pomerantz*, and *Church* to defeat Hall's personal stake in this litigation, eliminate any case or controversy, and make the action moot.

> The Ninth Circuit recently held that:
>
> an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot. This holding is consistent with the language, structure and purposes of Rule 68 and with fundamental principles governing mootness. These principles provide that "[a] case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'"

*Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 955 (9th Cir. 2013)(quoting *Knox v. Serv. Employees Int'l Union*, ___ U.S. ___, 132 S.Ct. 2277, 2287 (2012). This holding contradicts the rulings in *San Pablo*, *Pomerantz*, and *Church*, and further clarifies that an action is mooted only when the full relief requested by a plaintiff in their complaint is offered or tendered, not when an offer or tender of less then the full relief requested is made under Rule 68.

Columbia additionally refers to *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941), as authority for the proposition that a fully-paid accepted offer of judgment moots all matters between the parties. *Huron* raised issues regarding simultaneous actions to recover amounts for the same wrong and the propriety of a state court's attachment of another court's judgment under state law. It had nothing to do with the effect of a defendant's payment of an

accepted offer of judgment under Rule 68.

Columbia made a Rule 68 offer in which it agreed to entry of judgment against it for a specified sum. Hall accepted the Offer. Columbia's current refusal to allow the entry of such judgment is in violation of both Rule 68 and the terms agreed to by the parties to settle this action. The current form of judgment proposed by Hall indicates the amounts due under the Offer, that such amounts have been paid in full, and that the action is dismissed with prejudice. The court recommends the proposed judgment attached to the declaration of Michael Fuller dated June 23, 2014, be entered.

II. Sanctions

Hall seeks sanctions in the amount of $1,267.50, representing expenses incurred in compelling Columbia to perform under the terms of the Offer and Rule 68.[2] Columbia argues an award of sanctions under the inherent power of the court requires a finding Columbia acted in bad faith and the court's request for simultaneous briefing on the issue of the appropriate form of judgment prevents such finding.

Columbia made the Offer and, in doing so, agreed to allow the filing of a judgment in favor of Hall for the agreed-upon amount. Columbia argues the payment of the amounts due under the Offer and subsequent agreement on reasonable attorney fees and costs moots any controversy between the parties and prevents the filing of a Rule 68 judgment. However, Columbia objected

---

[2]Columbia asserts the Local Rule 7-1 certification in Hall's motion for sanctions has no factual basis and asks the court to deny the motion for sanctions for violation of this rule. Hall represents he put Columbia on notice he intended to seek costs incurred in compelling Columbia's performance under the settlement agreement and Columbia concedes Hall telephoned and emailed it on June 23, 2014, before filing the motion. Based on this evidence, the court cannot find the Local Rule was violated.

to the filing of the proposed judgment for at least a week before it tendered the amounts due. Accordingly, between June 3, 2014, when the agreement was finalized and Hall requested the filing of a judgment, and June 11, 2013, when Columbia tendered the amounts due, Columbia had no justification for objecting to, and preventing, the filing of a judgment.

The court agrees the tendering of the amounts due under the Offer raised reasonable issues regarding the propriety of filing a judgment against Columbia. The simultaneous briefing on the issue of the proper form of judgment once a defendant has paid the amounts due under a Rule 68 Offer revealed no clear or definitive answer. Columbia's hesitance in agreeing to a judgment against it, rather than a judgment of dismissal, at that time was justified and not in bad faith. However, Columbia initially refused to agree to the entry of a judgment against it when Hall first circulated an appropriate judgment on June 3, 2014, eight days before Columbia tendered the amounts due. At that time, Columbia asserted any judgment under Rule 68 should have been entered at the time the Offer was filed with the court and that the subsequent negotiation on attorney fees necessitated the filing of a judgment of dismissal.

Columbia made a Rule 68 offer and specifically agreed to the entry of judgment in the amount of $2,500, plus reasonable attorney fees, costs, and disbursements. Once the Offer was accepted, Columbia was bound by the terms of the agreement. The subsequent agreement on the amount of reasonable attorney fees, costs, and disbursements did not alter Columbia's obligations under Rule 68, which specifically requires the filing of a judgment based on the terms of a Rule 68 offer. Accordingly, during the eight-day period after Hall circulated the proposed judgment and before Columbia tendered the amounts due under the Offer, Columbia had no justification for refusing to agree to the entry of proposed judgment, which correctly recited the terms of the Offer

and to which Columbia agreed by making a Rule 68 offer.

Columbia argues it has no duty, or authority, to enter a judgment under Rule 68 and, therefore, it cannot be held liable for preventing the entry of the judgment. The court agrees the clerk of the court is obligated to enter a judgment once the acceptance of a Rule 68 offer is filed and the parties lack the ability to prevent the entry of such judgment. However, the subsequent Rule 16 conference and express direction from the court to Hall to consult with Columbia regarding the timing for the final judgment required Columbia's cooperation.

Columbia's actions between June 3, 2014 and June 11, 2014, were an intentional, willful, and unjustified violation of the clear and unambiguous terms of the Offer in which Columbia specifically agreed to allow entry of a judgment against it for a specified amount. The court's request for simultaneous briefing on the issue of the proper judgment to be entered after the payment of the amounts due does not diminish Columbia's unwarranted refusal to abide by the terms of the Offer before the payment was made.

The court finds Columbia's refusal to stipulate to the entry of a judgment prior to the payments of the amount due violated the Offer, and was willful and in bad faith. Hall's motion for sanctions should be granted.

*Conclusion*

The proposed judgment attached to the declaration of Michael Fuller dated June 23, 2014, should be filed and Hall's motion (#25) for sanctions in the amount of $1,267.50 should be GRANTED.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review.

Objections, if any, are due **July 29, 2014**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of July, 2014.

JOHN V. ACOSTA
United States Magistrate Judge